No. 18-12036

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

MICHAEL NEWCOMB et. al.,

                              Plaintiffs – Appellants,

v.

SPRING CREEK COOLER, INC.

                              Defendant – Appellee.

# RESPONSE BRIEF OF APPELLEE

Appeal from the United States District Court
for the Middle District of Georgia
Judge Leslie J. Abrams
Case No. 1:15-CV-00080-LJA

Mark A. Pickett
Gardner Willis Sweat Plaire & Pickett
P.O. Drawer 71788
Albany, Georgia 31708-1788
229-883-2441
mark.pickett@gwspplaw.com

## CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT FOR CROSS-APPELLANTS

### Parties to the Appeal

The parties to this appeal are Michael and Kathy Newcomb, on the one hand, and Spring Creek Cooler, Inc., on the other.

### Interested Persons and Entities

The following is a full and complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations (including those related to a party as a subsidiary, conglomerate, affiliate or parent entity) having either a financial interest in or other interest which could be substantially affected by the outcome of this appeal:

Honorable Leslie J. Abrams, District Court Judge

Anna Green Cross (Attorney for Appellant)

James E. Douglas, Jr. (Attorney for Appellant)

Eddie T. Scott Farms, LLC

Gardner, Willis, Sweat, Plaire & Pickett (Attorneys for Appellee)

Jack J. Helms, Jr. (Attorney for Appellant)

The Helms Law Firm (Attorneys for Appellant)

L & W Farms, LP

Kurt Kastorf (Attorney for Appellant)

C-1

Michael Newcomb

Kathy Newcomb

Mark L. Pickett (Attorney for Appellee)

SF Exports, Inc.

SF Farms, Inc.

Spring Creek Cooler, Inc.

Darren Summerville (Attorney for Appellant)

The Summerville Firm, LLC (Attorneys for Appellant)

Terril Scott

Terril Scott Farms, LLC

Terril Scott Properties, LLC

Maxwell Thelen (Attorney for Appellant)

T S Equipment Lending, LLC

Waldine B. Scott Farms, LLC


## **Attorneys of Record**

The following is a complete list of persons serving as attorneys for the

parties in this appeal:

For Michael and Kathy Newcomb:  Jack J. Helms, Jr., James E. Douglas, Jr.,

The Helms Law Firm, Darren Summerville, Kurt Kastorf, Anna Green Cross and

Maxwell Thelen, The Summerville Firm.

C-2

For the Appellees:  Mark L. Pickett and Gardner, Willis, Sweat, Plaire &

Pickett, LLP.


/s/ Mark L. Pickett_____
MARK L. PICKETT
State Bar No. 578190
Attorney for Defendant/Appellee

## STATEMENT REGARDING ORAL ARGUMENT

Spring Creek Cooler, Inc., does not request oral argument. This appeal does not address any novel or unsettled issues of law for which oral argument would benefit the Court in rendering its decision. However, in the event the Court does grant the Appellants' Request for Oral Argument, Spring Creek Cooler, Inc., requests the opportunity to participate in oral argument.

# TABLE OF CONTENTS

Certificate of Interested Parties and Corporate Disclosure Statement for Cross-Appellants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-1

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.    Rules of the Road and Traffic Law Have No Bearing on the Instant Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    II.    Even Cases Involving Assumption of Risk are Susceptible To Summary Adjudication by Georgia Courts . . . . . . . . . . . . . . . . . 10

        A.  Assumption of Risk is an Appropriate Basis Under Georgia Law for the Granting of Summary Adjudication . . . . . . . . . . . 10

        B.  There is No Factual Issue for a Jury to Consider Whether the Appellant involuntarily Assumed the Risk of Injury . . . . . . . . . 17

    III.    Appellant's Claims are Barred by his Equal Knowledge of Any Alleged Hazard or Danger on Spring Creek Cooler's Premises . . . . 19

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

# TABLE OF AUTHORITIES

## Cases

*Baldwin County Hosp. Auth v. Martinez*
    204 Ga. App. 840, 842, 420 S.E. 2d 760 (1992) . . . . . . . . . . . . . . . . . . . . . 20

*Beringause v. Fogleman Truck Lines*
    200 Ga. App. 822, 823 (1991) . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . 14

*Carey v. W.R. Grace & Company, Conn.*
    221 Ga. App. 728, 472 S.E. 2d 524 (1996) . . . . . . . . . . . . . . . . . . . . . 21, 22

*Cooper v. Corporate Property Investors*
    220 Ga. App. 889, 892, 470 S.E. 2d 689 (1996) . . . . . . . . . . . . . . . . . . . . . 20

*Desai V. Silver Dollar City,*
    299 Ga. App. 160, 493 S.E. 2d 540 (1997) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Devotie v. Turner Arena Operations*
    259 Ga. App. 90, 576 S.E. 2d 7 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Edwards v. Wal-Mart Stores*
    215 Ga. App. 335, 338 449 S.E. 2d 613 . . . . . . . . . . . . . . . . . . . . . . . 21

*Folks, Inc. v Dobbs*
    181 Ga. App. 311, 352 S.E. 2d 212 (1986) . . . . . . . . . . . . . . . . . . . . . . . 16

*Fowler v. Alpharetta Family Skate Ctr., LLC*
    268 Ga. App. 329, 601 S.E. 2d 818 (2004) . . . . . . . . . . . . . . . . . . . . . 15, 16

*Holland v. Durham Coal & Coke*
    131 Ga. 715, 722 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kroger Co. v. Williams*
    257 Ga. App. 883, 572 S.E. 2d 316 (2002) . . . . . . . . . . . . . . . . . . . .15, 16

*Lee v. Peacock*
    199 Ga. App. 192, 194 (3), 404 S.E. 2d 473 . . . . . . . . . . . . . . . . . . . . . 21

iii

*Lindsey v. J. H. Harvey Co.*
    213 Ga. App. 659, 445 S.E. 2d 810 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*McNish v. Gilbert*
    184 Ga. App. 234, 361 S.E. 2d 231 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Moore v. Serv. Merch Co.*
    200 GA App. 463, 408 S.E. 2d 480 (1991) . . . . . . . . . . . . . . . . . . 12, 13, 15

*Norman v. Jones Lang LaSalle Ams., Inc.*
    277 Ga. App. 621, 627 S.E. 2d 382 (2006) . . . . . . . . . . . . . . . . . . 20, 21

*Roberts v. Carter*
    214 Ga. App. 540, 448 S.E. 2d 239 (1994) . . . . . . . . . . . . . . . . . . . . . . . . .15

*Rogers v. Atlanta Enterprises, Inc.*
    89 Ga. App. 903, 81 S.E. 2d 721 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Smith v. Bel-Arbr*
    121 Ga. App. 739, 175 S.E. 2d 146 (1970) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sones v. Real Estate Dev. Group, Inc.,*
    270 Ga. App. 507, 606 S.E. 2d 687 (2004) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Stallings v. Cuttino*
    205 Ga. App. 581, 422 S.E. 2d 921 (1992) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Taylor v. Bloodworth*
    198 Ga. App. 186, 400 S.E. 2d 691 (1990) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Tennison v. Lowndes-Echols Ass'n for Retarded Citizens*
    209 Ga. App. 343, 433 S.E. 2d 344 (1993) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Thompson v. Crownover*
    259 Ga. 126, 381 S.E. 2d 283 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Trans-Vaugh Dev. Corp v. Cummings*
    273 Ga. App 507-508 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

iv

*Vermont American Corp. v. Day*
 217 Ga. App. 65, 456 S.E. 2d 618 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Wakefield v. A.R. Winter Co.*
 121 Ga. App. 259, 174 S.E. 2d 178 (1970) . . . . . . . . . . . . . . . . . . . 10, 11

**Statutes**:

O.C.G.A. § 9-3-33. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

O.C.G.A. § 40-6-3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

v

## JURISDICTIONAL STATEMENT

This Court previously addressed jurisdiction in this case in its Order dated August 13, 2018. In that Order, the Court determined that by virtue of the Appellants' Amended Complaint, this Court has jurisdiction and that the appeal may proceed.

## STATEMENT OF THE ISSUE

Appellant brought this action against numerous Defendants. However, the only remaining Defendant is Spring Creek Cooler, Inc., against whom the Appellant has brought claims arising in both premises liability and *respondeat superior* based on the actions of a forklift operator employee on the premises of Spring Creek Cooler, Inc.

The issues in this appeal are whether the Appellant's equal knowledge of any alleged hazardous or dangerous condition on the premises of Spring Creek Cooler, Inc., bars his recovery and whether the Appellant is responsible for his own injuries having placed himself in the known and repeated path of the forklift's operation.

## STATEMENT OF THE CASE

Appellants in this action filed their Complaint in the District Court for the Middle District of Georgia on March 15, 2015, against eleven corporate entities, a named individual, Terril Scott, and an unnamed individual, John Doe, as Appellee. (Doc. 1). The unnamed Defendant, John Doe, is alleged by Appellants to be a forklift operator who struck the Appellant and caused his injuries. (Doc. 1 p. 5).

On July 18, 2017, the District Court entered its Order dismissing all named Defendants in the action except for Spring Creek Cooler, Inc. (Doc. 35). The Appellants have not moved to add any additional parties or unnamed Defendants nor to substitute a named party for the unnamed defendant, John Doe. The Appellants' claimed injury occurred on June 30, 2013. (Doc. 1 p. 5). The statute of limitations on Appellants' claim has expired (O.C.G.A. § 9-3-33). The only remaining Defendant in this action is Spring Creek Cooler, Inc., individually and in *respondeat superior* for the actions of its forklift operator. (Doc. 1).

Count One of Appellants' Complaint alleges negligence against Spring Creek's employee forklift operator. (Doc. 1, p. 7). The negligence alleged against the employee forklift operator is wholly contained in paragraph twenty-seven of Appellants' Complaint and relies entirely on the assertion that the employee operated "the forklift forward with an obstructed view rather than in reverse". (Doc. 1, p. 7).

Appellant's deposition testimony repeated the same allegation and did not expand on it.

Q.     What did the forklift operator do that was wrong that caused this accident for you?
A.     Well, first of all, he's driving the wrong way.
Q.     How is that?
A.     **He's driving where he can't see.** Why could he not come out of the warehouse, forklift first, come down here, drive towards my trailer forklift first, get in position, turn around, and go in my trailer just like every other produce place I've ever been in?
Q.     Okay.
A.     Them guys don't drive around with them forklifts forward until they're ready to go into your trailer.
Q.     You mean with the load forward?
A.     Yes.
Q.     Okay. Because you said forklift forward. But you mean – you meant to say with the – they don't drive around with the load forward.
A.     Load forward.
Q.     That's the way he was driving, correct?
A.     Yeah. Came out of the warehouse like that.
Q.     Yeah. **And he did it that same way on all two or three occasions you'd seen him before?**
A.     Yeah.
Q.     Okay. **What else did he do wrong that caused this?**
A.     **I don't know.** I wasn't driving the forklift.
Q.     Okay. But as far as what you think that he did that caused it, the only thing you can think of is that he was --
A.     Driving unsafe.
Q.     Well, and the unsafe part was that he was driving with his load forward as opposed to his load behind him?
A.     Yes, yes.
Q.     Did he do anything different on this occasion that caused this accident other than he'd done on those two or three occasions before?
A.     I don't know. I can't say what he did. He can tell you what he did.
Q.     Well, you watched him --
A.     He can tell you what he did. I can't tell you --
Q.     Okay.

A.    -- what he did.

Q.    Well, you – did you watch him on those two or three occasions?

A.    I cannot tell you what that man did.

Q.    Okay. Hang on. Let me ask you a yes or no question. Yes or no: **Did you watch him and what he did on the two or three prior occasions? Yes or no?**

A.    **Yeah**.

Q.    **And did you watch him on the occasion when he actually hit you?**

A.    **Yes.**

Q.    **And from what you observed, did you see him do anything different on those two or three occasions or on the occasion when he hit you other than the two or three – than what he'd done on the two or three occasions?**

A.    **I can't say that I did.**

(Doc. 26-4, pp 62-65).

Prior to the accident which is the subject of this litigation, the Appellant knew that Mr. Smalls was operating the "forklift forward with an obstructed view rather than in reverse". (Doc. 26-4, pp 58-59, 62-63).  Prior to the accident which is the subject of this litigation, the Appellant also knew that Mr. Smalls was unable to see the area in front of the direction of travel of his forklift.  Prior to the accident which is the subject of this litigation, the Appellant knew, and was fully aware, of the danger of being in the pathway of the oncoming forklift, given the fact that Mr. Smalls was unable to see in front of him in his direction of travel.

Appellants' claims against Spring Creek Cooler, Inc., are based wholly in premises liability and *respondeat superior* for the alleged negligent operation of the forklift on its premises.

## SUMMARY OF THE ARGUMENT

Appellants have incorrectly attempted to categorize this action as a simple road wreck case. However, the offense and conduct of which the Appellants complain did not occur on a public roadway or on any other area which is governed by the Rules of the Road. The relationship between the forklift operator and Appellant was not the relationship of a motor vehicle driver and pedestrian. Rather, they had the relationship of a warehouse operator and a visitor to that warehouse. Appellants' efforts to analyze this case on the same basis as a traffic accident are misplaced and inappropriate.

The Appellants' alleged injuries occurred while he was a visitor on the private premises of Spring Creek Cooler, Inc. The duties and responsibilities of Spring Creek Cooler, Inc., are properly governed by premises liability law. As a visitor whose presence at Spring Creek was mutually beneficially to both the Appellants' employer and Spring Creek Cooler, Inc., the Appellant enjoyed the status of an invitee. As a result, Spring Creek Cooler, Inc., owed to the Appellant only a duty to keep its premises safe and to warn the Appellant of any hazards on its premises which were unknown to the Appellant.

The only hazardous condition which the Appellants allege to have existed on the premises of Spring Creek Cooler, Inc., was the operation of a forklift in a manner in which the operator of the forklift did not have a clear view of his direction of

travel.  Despite having observed the forklift operate in this matter for multiple previous trips, the Appellant opted to nonetheless stand in proximity to the forklift's established pathway of travel.  The evidence in this case is undisputed that the Appellant had every opportunity to stand away from the pathway and away from his tractor trailer which was being loaded by the forklift.  Instead, the Appellant chose, with full knowledge of the risk associated with the blind travel of the forklift, to stand in proximity to the forklift's established path of travel.  There being no dispute in the evidence but that the Appellant had equal knowledge of this alleged hazard and chose nonetheless to put himself at risk, he is, as a matter of law, barred from recovery.  The District Court properly granted Summary Judgment to Spring Creek Cooler, Inc., in this matter.

## ARGUMENT AND CITATION AND AUTHORITY

### I.    RULES OF THE ROAD AND TRAFFIC LAW HAVE NO BEARING ON THE INSTANT CASE

O.C.G.A. Section 40-6-3 is entitled "Chapter refers to operation of vehicles on highways; exceptions" and provides that the Rules of the Road are applicable only upon highways of the State of Georgia with limited exceptions.  O.C.G.A. § 40-6-3(a).  The complained of circumstances in the case at bar occurred indoors and within the warehouse of a corn cooler operated by Spring Creek Cooler, Inc.  None of the conduct complained of by the Appellant occurred on any highway or other public roadway.

O.C.G.A. § 40-6-3 includes only six exceptions under which Rules of the Road may apply other than on a highway. O.C.G.A. § 40-6-3(a)(1) through (6). Those six exceptions are as follows:

1.    A place specified by a given Code Section;

2.    Shopping centers or parking lots which are customarily used by the public as through streets or connector streets.

3.    In relation to criminal charges of reckless driving, driving under the influence of alcohol or homicide by vehicle;

4.    In relation to criminal charges of hit and run or failure to report an accident, in areas on highways, parking areas and other areas customarily open to the public and within 200 feet of a highway or parking area;

5.    In limited circumstances on private property which fronts on coastal marshlands or estuarine areas; and

6.    In privately owned residential areas which the property owners within that area have opted for enforcement of the Rules of the Road.

None of these exceptions apply to the case at bar. The Rules of the Road which Appellants referenced in their brief, as well as the Rules of the Road referenced in the case law referenced in their brief, do not apply in any areas other

than the highways. The operation of the forklift at issue in this case was not in a shopping center, parking lot or any other area customarily used by the public as a through or connector street. This case does not involve criminal charges of reckless driving, driving under the influence, homicide by vehicle, hit and run or failure to report an accident. The property of Spring Creek Coolers, Inc., is in no way near to any coastal marshlands or estuarine areas. And, the property of Spring Creek Cooler, Inc., is not located in a private neighborhood which has opted for enforcement of the Rules of the Road. None of the exceptions provided by O.C.G.A. § 40-6-3(a)(1) through (6) have any application to the facts at bar.

Appellants efforts to persuade this Court to treat this case as a road wreck or "straight-forward motor vehicle tort case" are simply an effort to treat this case as something it is not.

This case, and the Appellants' allegations, rest entirely on premises liability. The actions of Spring Creek Cooler, Inc., and of its employee forklift operator occurred entirely on private property. The relationship between the parties was not one of driver and pedestrian. Rather, it was exclusively one of premises owner and visitor. As a result, the duties, obligations and expectations as between the parties is governed not by the Rules of the Road, Traffic Law or Georgia Case Law related to road wrecks and "motor vehicle torts". Rather, those duties, obligations and expectations are governed entirely by premises liability law.

## II. EVEN CASES INVOLVING ASSUMPTION OF RISK ARE SUSCEPTIBLE TO SUMMARY ADJUDICATION BY GEORGIA COURTS.

### A. Assumption of Risk is an Appropriate Basis Under Georgia Law for the granting of summary adjudication.

Appellants have argued to this Court in their brief that cases involving assumption of risk always require determination by a jury.

Section I, Subsection A of Appellants' Brief is entitled "Assumption of the Risk is a narrow doctrine which necessarily poses a jury question. Appellants go on to argue that, "It is either never or nearly-never appropriate to grant Summary Judgment on assumption of risk in a case arising under Georgia law." Those arguments by the Appellant are flawed in both truth and logic. From a logical standpoint, it simply cannot be true that something is "either never or nearly-never appropriate". Logically, it must be either one or the other. If it is never appropriate, then it is not nearly-never appropriate. Conversely, if it is only nearly-never appropriate, then it is not never appropriate. And, in truth, the Appellant Courts of Georgia have routinely upheld grants of Summary Judgment even in cases involving assumption of the risk.

The primary case cited by the Appellants for their flawed argument is *Wakefield v. A.R. Winter Co.*, 121 Ga. App. 259, 174 S.E. 2d 178 (1970). However, the <u>Wakefield</u> decision involved a factual dispute in which there was an issue as to

whether the claimant **should** have known of the danger from which his claim arose.[1]

Secondly, it should be noted that Wakefield was a split opinion of the Court of Appeals in which the dissent urged that no reasonable jury could find other than that the claimant knew of the hazardous condition. In the case at bar, unlike Wakefield, there is no issue of whether or not the Appellant knew of the dangerous condition of which he complains. As a result, unlike the situation referenced by a majority of the Court in Wakefield, there is no issue regarding knowledge of the defect in this case for a jury to consider and summary judication was appropriate.

Furthermore, it should be noted that in *Smith v. Bel-Arbr,* 121 Ga. App. 739, 175 S.E. 2d 146 (1970), the Court of Appeals specifically distinguished Wakefield and found that "an admitted awareness of the condition . . . eliminate(d) any duty which might otherwise have required the Defendant to warn the Appellant or take other precautions." Id. At 739, 175 S.E. 2d at 147. In so holding, the Court of Appeals in Smith v. Bel-Arbr upheld the trial court's granting of summary judgment to the Defendants.

The Appellants also rely heavily on the case of *Thompson v. Crownover,* 259 Ga. 126, 381 S.E. 2d 283 (1989). However, Thompson was a case, which has also been distinguished by the Court of Appeals because it "had, as its foundation, the

---

[1] – In the case at bar, there is no issue of whether the Appellant knew fully of the dangerous condition of which he complains.

statutory duty of care imposed upon a residential landlord by housing codes and other laws to ensure the safety of his tenant." *Moore v Serv. Merch. Co.,* 200 Ga. App. 463, 408 S.E. 2d 480 (1991).

Importantly, here, as in <u>Moore</u>, there are no issues of a landlord tenant relationship between the parties. The <u>Moore</u> decision, similar to the facts at bar, involved a situation in which a delivery driver sued a warehouse owner complaining of injury he suffered on the warehouse's loading dock.

The driver in <u>Moore</u> had made previous deliveries to a loading dock at a warehouse owned by the Defendant. Subsequent to his being aware of the dangerous, slippery condition of the loading dock, he nonetheless chose to attempt to traverse the loading dock.

The Court in <u>Moore</u> held that,

"There is in place, however, a principal developed under the assumption of the risk theory that applies. The doctrine of the assumption of the risk of danger applies only where the Appellant, with a full appreciation of the danger involved and without restriction from his freedom of choice either by circumstances or coercion, deliberately chooses an obviously perilous course of conduct so that it can be set as matter of law that he has assumed all risk of injury." *Id.*

Applying that principle, the Court in <u>Moore</u> held that, "this is a plain, palpable and undisputable case not calling for resolution by a jury" and affirmed the trial court's granting of summary judgment to the Defendant.  Given that the claimant in the <u>Moore</u> case was previously aware of the danger of which he complained yet chose, nonetheless, to expose himself to it, he was unable to recover for his alleged injuries.  The same result is required in the case at bar.

In an effort to create an issue on appeal, the Appellant urges that there is a difference between contributory negligence (or apportionment) and assumption of risk which has "baffled" law students, judges and legal writers for many years.  The Appellants cite the 1908 decision of *Holland v. Durham Coal & Coke*, 131 Ga. 715, 722 for this proposition.  However, the <u>Holland</u> decision was a case involving a claim by a servant upon his master.  The issue was whether it was the master's failure to provide a reasonably safe place in which for the servant to perform services, or the servant's faulty workmanship in failing to make the dangerous place safe which caused his injury.  The decision in that case required an analysis of the reasonableness of the servant's workmanship.  No such analysis of the Appellant's workmanship is required here.  The comparison of legal duties under consideration in <u>Holland</u> is completely different from those at bar of a premises owner and an invitee.

Similarly, the case of *Beringause v. Fogleman Truck Lines*, also cited by the Appellants for the proposition that contributory negligence and assumption of risk are a baffling distinction which is unsuitable for summary adjudication, is both factually and legally distinguished from the situation at bar. Beringause involved a situation in which a police officer was participating in a high-speed convoy and had a fatal collision while allegedly failing to keep a proper lookout so as to notice and avoid a vehicle which had swerved into his oncoming lane of travel. In that case, the Court of Appeals determined that the factual issue was not whether the claimant driver had prior knowledge of the defendant driver swerving into his lane, but whether or not the claimant driver had failed to exercise ordinary care to discover that danger. That situation is factually distinct from the case at bar in which there is no factual dispute but that the Appellant did know and had, on multiple prior occasions, observed Spring Creek Cooler's forklift operator perform the exact and very conduct on which the Appellant blames his alleged injuries. In addition, Beringause is legally distinguished. The decision in that case was whether the Court should have charged the jury on both contributory negligence and assumption of risk. That case did not involve a Motion for Summary Judgment and offers no authority or guidance on summary adjudication of cases where a Plaintiff has assumed the risk of injury.

Contrary to the Appellants' assertion, there is no mysterious and confusing distinction between assumption of risk and contributory negligence. The standard for assumption of risk is that where the claimant is aware of the risk and voluntarily undertakes and subjects himself to that risk, he is later barred from recovery for any injuries that result from his own assumption of risk.

Furthermore, as noted above, it is not **never** appropriate for a Court to grant summary judgment on the issue of assumption of risk. Rather, the Court of Appeals has upheld summary adjudication on the issue of assumption of risk on numerous occasions (see, e.g. *Moore v Serv. Merch. Co.; Kroger Co. v. Williams*, 257 Ga. App. 833, 572 S.E. 2d 316 (2002) (Court of Appeals **reversing** trial court's denial of summary judgment); *Roberts v. Carter*, 214 Ga. App. 540, 448 S.E. 2d 239 (1994) (Court of Appeals reversed the trial court's denial of the defendant's motion for summary judgment); *Tennison v. Lowndes -Echols Ass'n for Retarded Citizens*, 209 GA. App. 343, 433 S.E. 2d 344 (1993) (Court of Appeals affirming trial court's granting of summary judgment); *Sones v. Real Estate Dev. Group, Inc.,* 270 Ga. App. 507, 606 S.E. 2d 687 (2004); *Taylor v. Bloodworth*, 198 Ga. App. 186, 400 S.E. 2d 691 (1990);    *Devotie v. Turner Arena Operations*, 259 Ga. App. 90, 576 S.E. 2d 7 (2002); *Lindsey v. J. H. Harvey Co.,* 213 Ga. App. 659, 445 S.E. 2d 810 (1994); *Stallings v. Cuttino*, 205 Ga. App. 581, 422 S.E. 2d 921 (1992); *Desai V. Silver Dollar City*, 299 Ga. App. 160, 493 S.E. 2d 540 (1997); *Fowler v. Alpharetta*

*Family Skate Ctr., LLC,* 268 Ga. App. 329, 601 S.E. 2d 818 (2004); *Rogers v. Atlanta*

*Enterprises, Inc.,* 89 Ga. App. 903, 81 S.E. 2d 721 (1954); *Folks, Inc. v Dobbs*, 181

Ga. App. 311, 352 S.E. 2d 212 (1986); and *McNish v. Gilbert*, 184 Ga. App. 234,

361 S.E. 2d 231 (1987).

The Georgia Court of Appeals, in addressing a Motion for Summary

Judgment, has specifically held that:

> The issue of assumption of risk is not ordinarily susceptible of summary adjudication. But in cases where plain, palpable, and indisputable evidence demonstrates that the plaintiff assumed the risk of [his] injuries, summary judgment is appropriate.
>
> Knowledge of the risk is the watchword of assumption of risk, and means both actual and subjective knowledge on the plaintiff's part. The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities. *Kroger Company v. Williams, et al.,* 257 Ga. App. 833, 572 S.E.2d 316 (2002).

This case is one that is proper for summary adjudication.

Here, the Appellant was aware of the general risk of being on a busy loading

dock which was posted as a "Restricted Area" for "Employees Only" (Doc. 26-4,

pp. 9-20, 85-87).  In addition, he was specifically aware of the particular risk that a

forklift could strike him and cause him injury.  More particularly, he was aware that

the forklift was being driven directly toward where he was standing for 75 to 100

feet without being able to see where he was standing.  Nonetheless, he chose to stand

in the forklift's path knowing that the driver could not see him. He chose, not only to place himself in harm's way, but did so knowing that he could not be seen by the forklift heading his way.

In other words, he knowingly and deliberately positioned himself exactly where he knew he could not be seen. For him now to complain that he could not be seen flies in the face of the Assumption of Risk doctrine. For him to have positioned himself in that location, knowing he could not be seen was entirely an accident of his own creation. It is like an individual putting himself deliberately and knowingly in the path of a piece of machinery in the exact place where he knows he cannot be seen and then complaining that he was not seen.

### B. There is no factual issue for a jury to consider whether the Appellant involuntarily assumed the risk of his injury.

Appellant also contends that there is a factual basis that the Appellant's location at the time of his injury was required either by his employer or by his host, Spring Creek Cooler, Inc. This argument is without merit.

The factual dispute which Appellant references is only as to whether or not he was either allowed or required to be on the loading dock at the Spring Creek Cooler warehouse. Or, whether he was prohibited from being in that area by warning signs and limited access signs which were posted at the entrances to the loading dock. However, there is no issue but that it was the Appellant alone who voluntarily chose the exact location in which he stood on Spring Creek Cooler's loading dock while

the forklift operator made multiple passes to and from the corn cooler and into the rear of Appellant's tractor trailer.

Furthermore, Appellant observed the forklift approaching him from 75 to 100 feet away. (Doc. 26-4, pp. 58-59). A view that he knew the forklift operator did not share. (Id.) Despite his opportunity to avoid the forklift while it moved blindly for 75 to 100 feet, Appellant stubbornly refused to move merely because he had stood in that position for the previous passes of the forklift. No employment requirement or other forces deprived him of his ability to move from that position and avoid the forklift's path as it traveled those 75 to 100 feet. Any need he had to count crates or check corn temperatures did not prevent him from staying out of the way while the forklift was moving.

Appellant's argument that the forklift changed its path on this critical pass is simply untrue and inconsistent with his deposition testimony.

> Q.     Okay. Hang on. Let me ask you a yes or no question. Yes or no: **Did you watch him and what he did on the two or three prior occasions?** Yes or no?
> A.     **Yeah.**
> Q.     **And did you watch him on the occasion when he actually hit you?**
> A.     **Yes.**
> Q.     **And from what you observed, did you see him do anything different on those two or three occasions or on the occasion when he hit you other than the two or three – than what he'd done on the two or three occasions?**
> A.     **I can't say that I did.**

(Doc. 26-4, pp 62-65).

The only charge which Appellant alleges from the prior passes of the forklift is that the forklift did not stop before entering into the trailer. (Doc. 26-4, pp. 62-65). The trailer had not moved. The path had not changed. The Appellant simply failed to position himself out of harms way even with ample opportunity to do so. (Doc. 26-4, p. 61).

The Appellant had a clear and wide choice of the proximity to that pathway in which he chose to place himself. The loading dock was a clear and wide area in which he could have chosen to stand well away from the path of the blindly operated forklift. It was the choice of the Appellant and the Appellant alone to stand in proximity to that repeated pathway. It was the Appellant and the Appellant alone who chose to put himself in the pathway of what he had previously recognized on multiple occasions to be the forklift's path. It was the Appellant and the Appellant alone who chose to assume the risk of doing so.

III. **APPELLANTS' CLAIMS ARE BARRED BY HIS EQUAL KNOWLEDGE OF ANY ALLEGED HAZARD OR DANGER ON SPRING CREEK COOLER'S PREMISES.**

The basis of any premises liability case is the premises owner's superior knowledge of a hazard on the premises. Absent superior knowledge by the premises owner or where the visitor is advised or equally aware of the hazard, they cannot recover.

As explained by the Georgia Court of Appeals, in *Norman v. Jones Lang LaSalle Ams., Inc.,* 277 Ga. App. 621, 627 S.E. 2d 382 (2006),

> In order for [Plaintiff] to recover from [Defendants] in [a] ***premises liability*** case, [Plaintiff] must show that [the Defendants'] knowledge of the hazard that caused [Plaintiff's] injuries was superior to [Plaintiff's] own." *Baldwin County Hosp. Auth. v. Martinez,* 204 Ga. App. 840, 842 (420 SE2d 760) (1992). "In other words, [Plaintiff] must present some evidence demonstrating that (1) the defendants had actual or constructive knowledge of the hazard and (2) [Plaintiff] lacked knowledge of the hazard despite [Plaintiff's] exercise of ordinary care and that [Plainttiff's] lack of knowledge was due to conditions within the defendants' control." *Trans-Vaughn Dev. Corp. v. Cummings,* 273 Ga. App. at 507-508. "This is because a landowner (or one managing the property on his behalf) is not an insurer of the safety of invitees." *Cooper v. Corporate Property Investors,* 220 Ga. App. 889, 892 (470 S.E. 2d 689) (1996). <u>Norman</u> at 623, 627 S.E. 2d at 385.

The Court in <u>Norman</u> also noted the longstanding principal that,

> [I]njuring one's self proves nothing. Such happenings are commonplace wherever humans go. Therefore, if an invitee knows of the condition or hazard that caused the injury, there is no duty on the part of the proprietor to warn the invitee and there is no ***liability*** for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of this knowledge, ***assumes the risks*** and dangers incident to the known condition. <u>Norman</u> at 624, 627 S.E. 2d at 385 (quoting *Baldwin County Hosp. Auth. v. Martinez,* 204 Ga. App. at 842).

And with specific regard to resolution of such claims on Summary Judgment,

> Because a plaintiff cannot recover in a ***premises liability*** suit unless the defendant had superior knowledge of the hazard, the defendant is entitled to summary judgment if there is no evidence that it had superior knowledge or the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant. <u>Id</u>., *Norman v. Jones Lang Lasalle Americas, Inc.,* 277 Ga. App. 621, 627 S.E.2d 382 (2006).

In the case at bar, the hazard of which the Appellant complains is a forklift operator who operated "the forklift forward with an obstructed view rather than in reverse". (Doc. 1, p.7). The Appellant was aware of that condition and observed it multiple times prior to his injury. Nonetheless, he took no action to protect himself and instead voluntarily chose to put himself in harm's way. Under these facts, the Appellants' claims based on premises liability cannot survive Summary Adjudication.

In a warehouse liability case involving an alleged hazard of stacked pallets causing the Appellant's injury, the Court of Appeals, in *Carey v. W. R. Grace & Company, Conn.,* 221 Ga. App. 728, 472 S.E.2d 524 (1996) opined:

> By appellant's own testimony, the pallets were visible in the loading area, and no evidence exists from which a reasonable inference could be drawn that the pallets had been concealed in any manner. "The pallets clearly were visible and posed no latent danger. 'The duty to warn extends only to a latent danger -- not to an open or obvious one.'" *Lee v. Peacock*, 199 Ga. App. 192, 194 (3) (404 S.E.2d 473). Further, appellant "'was under a duty to use (his) sight to discover any defects or dangers.'" Id. at 195.

> Because [appellant] did not exercise due care for [his] own safety we hold . . . that 'this is a plain, palpable, and indisputable case not calling for resolution by a jury.'" *Edwards v. Wal-Mart Stores*, 215 Ga. App. 336, 338 (449 S.E.2d 613); *compare Vermont American Corp. v. Day*, 217 Ga. App. 65 (456 S.E.2d 618). Carey at 730, 472 S.E.2d at 526.

While the Court in Carey relied on the open and obvious nature of the hazard and the Appellant's duty to use his sight to discover such defects and hazards, this Court

need not go so far. Here, the Appellant has acknowledged that he had discovered the alleged hazard and was actually aware of it prior to the incident which allegedly caused his injury.

> Q.    Okay. The forklift operator would not have been able to see, correct?
> A.    No, no.
> Q.    The load was blocked?
> A.    Yeah.
> Q.    Block -- excuse me. The load was blocking his view.
> A.    Yes.
> Q.    Would have been for 75 feet or so before this happened?
> A.    Yeah.
> Q.    That's what you observed on those two or three occasions before that, right?
> A.    Yeah.
> Q.    And you --
> A.    However far it was when he made his loop.
> Q.    Okay. Which your estimate --
> A.    However far it was.
> Q.    -- is 75 to 100 feet, right?
> A.    I would say yeah.
> Q.    Okay. And he could not see you --
> A.    No.
> Q.    -- once he made that turn, correct?
> A.    Correct.
> Q.    And you knew that?
> A.    Yeah. He couldn't – he couldn't – yeah, yeah, he couldn't see me, once he started --
> Q.    Okay. And during the time --
> A.    -- towards my trailer.
> Q.    During the time he was making that wiggling, you knew he couldn't see you then, right?
> A.    Yeah.
> Q.    You knew where you were, right?
> A.    Yeah.
> Q.    But there was no way he could have known where you were during – after he makes his turn, correct?

A.    No.
Q.    Correct?
A.    Correct.

(Doc. 26-4, pp. 58-59).

Based on the Appellant's own testimony, on two or three occasions prior to the alleged contact with the forklift, he watched the forklift exit a warehouse area and place a load in the back of his trailer. (Doc. 26-4, p. 58). On each occasion, the Appellant observed that for 75 to 100 feet while approaching the trailer, the forklift operator could not see the location where the Appellant chose to stand. (*Id.*). The Appellant, and only the Appellant, could at all times during those 75 to 100 feet see the forklift as it approached him, but the forklift operator could not possibly see the Appellant. (Doc. 26-4, p 59). Despite this knowledge, the Appellant chose to stand in the path of the forklift. (Doc. 26-4, p. 47). He did so fully knowing that the forklift operator could not see him and that a forklift was dangerous and could injure him. (Doc. 26-4, p. 46).

The Appellant, at all times, could see the forklift as it moved toward him. The Appellant knew that for 75 to 100 feet the forklift driver could not see him. The Appellant knew that he was the only one who could see both where he was and the forklift's travel. The Appellant chose to assume the risk of standing in that position where only he could see the forklift's travel toward him. Appellant chose to assume responsibility for his safety, or lack thereof, by standing where the forklift was

traveling and only he could see.  In so doing, the Appellant assumed the risk of his injuries.  He cannot now be allowed to pursue a recovery for injuries which he, and only he, himself knowingly positioned himself to be at risk.

## CONCLUSION

This Court should affirm the District Court's grant of summary judgment as to Spring Creek Cooler, Inc., as well as to recognize the Court's previous on appealed orders granting dismissal to all other Defendants in this litigation.

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed.R.App.P. 32(a)(7)(B) because, excluding the parts of this document exempted by Fed.R.App.P. 32(a)(7)(B)(iii), this document contains 5860 words.

This document complies with the typeface requirements of Fed.R.App.P 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(b) because it was prepared using Times New Roman 14 point.

## CERTIFICATE OF SERVICE

GEORGIA, DOUGHERTY COUNTY

THIS WILL CERTIFY that I have this day served a copy of the foregoing

BRIEF OF APPELLEE by using the Court's CM/ECF system and by depositing

same in the United States Mail with sufficient postage affixed thereon to assure

delivery, as addressed as follows:

> Darren Summerville
> The Summerville Firm
> 400 Colony Square, Suite 2000
> 1201 Peachtree Street NE
> Atlanta, GA  30361

This 12th day of September, 2018.

> GARDNER WILLIS SWEAT PLAIRE & PICKETT, LLP


> By:  Mark L. Pickett
> MARK L. PICKETT
> Attorney for Appellee