No. 18-12036

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

MICHAEL NEWCOMB et. al.
Appellant

v.

SPRING CREEK COOLER, INC. at. al.
Appellees

_____

On Appeal from the United States District Court
for the Middle District of Georgia
Judge Leslie J. Abrams
Case No. 1:15-CV-00080-LJA

_____

**REPLY BRIEF OF MICHAEL NEWCOMB, et. al.**

| | |
|---|---|
| J. JEFFREY HELMS<br>GA Bar No. 344510 | DARREN SUMMERVILLE<br>GA Bar No. 691978<br>ANGELA FOX<br>GA Bar No. 131077 |
| THE HELMS LAW FIRM, P.C.<br>P.O. Box 537<br>10 N. College Street<br>Homerville, GA 31634<br>912-487-5377 | KURT G. KASTORF<br>GA Bar No. 315315<br>ANNA GREEN CROSS<br>GA Bar No. 306674<br><br>The Summerville Firm<br>400 Colony Square, Suite 2000<br>1201 Peachtree St. NE<br>Atlanta, GA 30361<br>770-635-0030 |

# CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT FOR CROSS-APPELLANTS

### Parties to the Appeal

The parties to this appeal are Michael and Kathy Newcomb, on the one hand, and Spring Creek Cooler, Inc.; Spring Creek Produce, LLC; SF Farms, Inc.; SF Exports, Inc.; T & L Farms, Inc.; Terril Scott Properties, LLC; Terril Scott Farms, LLC; Waldine B. Scott Farms, LLC; Eddie T. Scott Farms, LLC; T S Equipment Leading, LLC; L & W Farms, LP; Terril Scott; and John Doe.

### Interested Persons and Entities

The following is a full and complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations (including those related to a party as a subsidiary, conglomerate, affiliate or parent entity) having either a financial interest in or other interest which could be substantially affected by the outcome of this appeal:

    The Honorable Leslie J. Abrams (District Court Judge)

    James E. Douglas, Jr. (Attorney for Appellant)

    Eddie T. Scott Farms, LLC

    Gardner, Willis, Sweat, Plaite & Pickett, LLP (Law firm representing Appellee)

    Jack J. Helms, Jr. (Attorney for Appellant)

The Helms Law Firm (Law firm representing Appellant)

L & W Farms, LP

Kurt Kastorf (Attorney for Appellant)

Michael Newcomb

Kathy Newcomb

Mark L. Pickett (Attorney for Appellee)

SF Exports, Inc.

SF Farms, Inc.

Spring Creek Cooler, Inc.

Darren Summerville (Attorney for Appellant)

The Summerville Firm, LLC (Law firm representing Appellant)

Terril Scott

Terril Scott Farms, LLC

Terril Scott Properies, LLC

T & L Farms, Inc.

Maxwell Thelen (Attorney for Appellant)

T S Equipment Leading, LLC

Waldine B. Scott Farms, LLC

**Attorneys of Record**

The following is a complete list of persons serving as attorneys for the parties in this appeal:

For Michael and Kathy Newcomb: Jack J. Helms, Jr. and James E. Douglas, Jr., and The Helms Law Firm. Darren Summerville, Kurt Kastorf, Anna Green Cross and Maxwell Thelen, and The Summerville Firm.

For the Appellees: Mark L. Pickett and Gadner, Willis, Sweat, Plaire & Pickett, LLP

Respectfully submitted this 9th day of July, 2018.

*/s/ Kurt G. Kastorf*

KURT G. KASTORF

The Summerville Firm
400 Colony Square, Suite 2000
1201 Peachtree St. NE
Atlanta, GA 30361
770-635-0030

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PARTIES AND CORPORATE
    DISCLOSURE STATEMENT FOR CROSS-APPELLANTS...................C-1

TABLE OF AUTHORITIES ................................................................................. ii

I.    CASE LAW GOVERNING MOTOR VEHICLE ACCIDENTS IS
    RELEVANT, BECAUSE THE ALLEGEDLY NEGLIGENT ACT
    WAS A MOTOR VEHICLE ACCIDENT........................................................1

    A.    That there is a code section governing roadways is irrelevant .............2

    B.    This case is not "exclusively" a premises case (if it is a
        premise case at all) ................................................................................3

II.   SPRING CREEK SIMPLY IGNORES THAT EVEN APPLYING
    ONLY PREMISISE LIABILITY CASES, THE DISTRICT
    COURT ERRED..............................................................................................8

III.  THAT MR. NEWCOMB DID NOT GUESS CORRECTLY
    WHERE TO STAND IN THE LOADING DOCK DOES NOT
    PREVENT A JURY FROM CONSIDERING VOLUNTARINESS .............9

IV.  SPRING CREEK'S EQUAL KNOWLEDGE ARGUMENT IS
    FRIVOLOUS ...............................................................................................11

CONCLUSION ........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Little Rapids Corp. v. McCamy*,
    218 Ga. App. 111 (1995) ............................................................................ 8, 9

*Owens-Illinois, Inc. v. Bryson*,
    138 Ga. App. 78 (1976) ................................................................................ 11

*Patterson v. Kevon, LLC*,
    2018 Ga. LEXIS 536 (Aug. 2018) ................................................................. 6

**Statutes & Other Authorities:**

O.C.G.A. § 40-6-3 ................................................................................................ 2

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

The act of negligence alleged in this case is that a forklift operator plowed his forklift into Mr. Newcomb, causing severe injury. Driving a piece of heavy equipment into a stationary human being, absent truly extraordinary circumstances, is just about the epitome of negligent conduct.

But, because this accident occurred on the forklift driver's job site, Defendant continues to argue that this case must be viewed exclusively through the narrow lens of premises liability, and that so long as Mr. Newcomb was aware of one of the potential contributing causes to the forklift operator's act of negligence, recovery is barred. Defendant is wrong. Mr. Newcomb's knowledge of industry standard forklift regulations is relevant, if at all, to apportionment. It does not function as a bar on liability.

**I.    CASE LAW GOVERNING MOTOR VEHICLE ACCIDENTS IS RELEVANT, BECAUSE THE ALLEGEDLY NEGLIGENT ACT WAS A MOTOR VEHICLE ACCIDENT.**

Because the district court granted summary judgment on assumption of risk, Georgia case law on when a pedestrian's failure to avoid a motor vehicle constitutes assumption of risk (as opposed to contributory negligence or apportionment) is directly at issue in this appeal. Defendant attempts to deny the obvious relevance of this case law on two grounds, neither of which is persuasive.

1

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

### A.     That there is a code section governing roadways is irrelevant

First, Defendants claim cases addressing motor vehicle torts are irrelevant because the "rules of the road" and "traffic law" apply to vehicles operated on a public roadway. Br. of Appellees at 7. This argument is a non-sequitur. Mr. Newcomb is not asserting that the forklift operator is negligent because he ran a red light, was driving on a suspended license, or any other conduct related to traffic regulations. In fact, Mr. Newcomb's brief mentions "rules of the road" and "traffic law" not once.

Mr. Newcomb's point is that the alleged negligent act was that one of Spring Creek's employees struck him with a motor vehicle, and thus Georgia's extensive body of law addressing the circumstances under which one can assume the risk of being struck by a motor vehicle is directly relevant. At the risk of stating the obvious, while O.C.G.A. § 40-6-3 might govern only those vehicles that are on public roadways, it is possible to commit a motor vehicle tort anywhere a motor vehicle can travel. If Mr. Smalls had plowed into Mr. Newcomb in the middle of a public park, or by crashing through the window of a restaurant, he would be liable

2

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

in tort as surely (more, probably) as if he had struck Mr. Newcomb in a public roadway[1].

### B. This case is not "exclusively" a premises case (if it is a premise case at all)

Second, Defendants claim that motor vehicle cases are irrelevant because Mr. Newcomb's allegations "rest entirely on premises liability" and the relationship between the parties was "exclusively one of premises owner and visitor." Response Brief of Appellees at 9. Defendants must make this argument, because applying Georgia's well-established body of case law relating to motor vehicle torts amply establishes that assumption of risk does not apply to these facts. Defendant's position, however, fails for several reasons.

To begin with, this case is not "exclusively" a premise case; it is hardly one at all. While it is true Mr. Newcomb was injured on Spring Creek's property, the negligent act was a motor vehicle injury. Spring Creek is liable for that injury **not** because (or at least not only because) it owns the property **but because it**

---

[1] If anything, the threshold for assumption of risk of being struck by a motor vehicle should be **higher** when one is not traversing a public roadway, because the probability of encountering a motor vehicle is lower.  Assumption of risk applies only where plaintiff can fairly be said to have consented to the risk of a particular injury, thus entirely relieving the defendant of an obligation of conduct towards the plaintiff. *Owens-Illinois, Inc. v. Bryson*, 138 Ga. App. 78, 78 (1976). If traversing

3

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

**employed the forklift driver**. Spring Creek is responsible for the conduct of that driver under the doctrine of respondent superior, and it would bear liability for the forklift driver's negligence if the accident had occurred on a public roadway, on the property of a third party, or anywhere else, so long as the forklift driver was acting within the scope of his employment. This case is a negligence case, pure and simple.

It likewise defies common sense to say, as Spring Creek does, that merely because an accident occurs on a defendant's property, any liability is "exclusively one of premises owner and visitor." Br. of Appellees at 9. Not all claims collapse into premises liability claims as soon as a person steps onto the property of another. To take one example, if a property owner shows an invitee a gun, loudly declares her intent to shoot the invitee, and proceeds to do so, she has committed at least assault and battery. It would do no good for her lawyer to argue equal knowledge, because defeating a claim that sounds in premises liability would not exonerate her conduct. As with intentional torts, claims for simple negligence do not disappear merely because the defendant has a property interest in the land underneath the tort.

4

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

The absurdity of Spring Creek's position is highlighted by the fact that both sides agree that Mr. Newcomb was **an invitee**, the class of visitor to whom the **highest** duty of care is owed. Spring Creek's position leads to the manifestly-wrong result that the same conduct that would subject one to liability for negligence if done to a complete stranger on the property of a third party would be non-negligent where done to a known acquaintance expressly invited onto one's own property. If it is negligent to run over a drunk stranger in a roadway, it is even more clearly negligent to invite someone onto your property and run them over with a forklift.

And, it is worth restating that even Spring Creek itself attempted before the district court to liken this case to an automotive tort, arguing:

> It is similar to an individual standing beside a busy interstate and complaining after being struck be [sic] a vehicle despite knowing full well that vehicles are traveling the highway right next to him.

DE #26-2, at 19. As noted in Mr. Newcomb's opening brief, Spring Creek's analogy is entirely apt; it simply misstated to the district court which way that example cut: in the precise situation identified above, the doctrine of assumption of risk is not applicable in Georgia (or, to the best of Mr. Newcomb's knowledge, in any other state).

5

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

Finally, even if this case were a premise liability action and nothing else, the same assumption of risk doctrine that applies to motor vehicle torts applies to premises liability. As the Georgia Supreme Court recently explained, there are not "unique species of negligence cases" that "impos[e] a heavier burden upon plaintiff." *Patterson v. Kevon, LLC*, 2018 Ga. LEXIS 536 (Aug. 2018) (reversing the Court of Appeals for apparently believing that a specialized standard of proximate cause applied in food poisoning cases, as opposed to other torts). Admittedly, some Georgia cases contain stray language implying that assumption of the risk is easier to show in premise liability actions, but those cases are conflating the concept that a property owner must have superior knowledge of a static condition to have breached a legal duty with assumption of risk, which is an affirmative bar on liability even where a duty has been breached. Were the Georgia Supreme Court to directly address the question, they would rule as they did in *Patterson*: that there is only one law of negligence.

The cases Mr. Newcomb cites in his principle brief establish that assumption of risk to be struck by a motor vehicle requires extraordinarily reckless conduct, such as car surfing or drag racing. By contrast, darting into heavy traffic is not enough, nor even is passing out in a road. The district court clearly erred in

6

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

concluding that Mr. Newcomb consented to all risk of injury under Georgia law. It is relevant, at best, to apportionment. Mr. Newcomb engaged in no affirmatively dangerous conduct whatsoever. His sole alleged error was inaction, namely his failure to flee the loading dock when he noticed that Mr. Smalls was driving his forklift forward while under load.

Mr. Newcomb did, in fact, take proactive steps to reduce his risk of injury. He observed that each time Smalls drove the forklift out of the cooler and on to the floor of the warehouse he would loop towards the trailer. As he approached the trailer, he would stop short and then line up with the back of the trailer so he could enter with the pallets of corn. DE #31 at 4. After identifying Smalls' chosen path, Mr. Newcomb stood off to the side of it to provide clearance for Smalls. *Id.* It is only when Smalls failed to stop or straighten his forklift before entering the trailer that Newcomb found himself in the forklift's path. *Id.* at 5. Upon realizing Smalls' error, Newcomb immediately attempted to evade the forklift. *Id.* Under these circumstances, it would be error even to charge the jury with assumption of risk, but, at a bare minimum, summary judgment was inappropriate.

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

## II. SPRING CREEK SIMPLY IGNORES THAT EVEN APPLYING ONLY PREMISISE LIABILITY CASES, THE DISTRICT COURT ERRED.

Spring Creek spends a significant portion of its brief attempting to identify distinctions without a difference in the cases cited by Mr. Newcomb. This fact makes only more glaring Spring Creek's failure to even cite to *Little Rapids Corp. v. McCamy*, 218 Ga. App. 111 (1995), a case which expressly explains that the same high threshold for assumption of risk applicable in motor vehicle cases applies in premise liability actions as well. Just as in motor vehicle torts, "it is not true that in any case where the plaintiff voluntarily encounters a known danger he necessarily consents to any future negligence of the defendant." *Little Rapids*, 218 Ga. App. at 113.

In *Little Rapids*, there was "undisputed evidence that plaintiff knew of the type of harm posed by the loose boxes on top of the secure load," but that fact "does not demand a finding that plaintiff consented in advance to relieve defendant Little Rapids of liability . . . " *Id.* at 114. Rather, "Plaintiff's proximity to this foreseeable hazard may be evidence of contributory negligence or comparative negligence on the part of plaintiff but is not an assumption of the risk." *Id.* The court had no trouble distinguishing instances in which the plaintiff knew in

8

advance of the precise risk involved yet took some voluntary action to further exposure to that risk, such as climbing on top of a pallet of lumber to unload it knowing that the forklift was too small and would become unbalanced and overturned if the load of lumber shifted. *Id.* Maintaining proximity to a foreseeable hazard does "not measure up to a classic case of assumption of risk such as trying to beat a rapidly approaching train across the crossing or participating in a drag race." *Id.*

Spring Creek's silence as to *Little Rock* is deafening. The opinion directly addresses the legal significance of Mr. Newcomb's physical proximity to a known hazard, and concludes that such a decision is at best relevant to comparative negligence, not assumption of risk. Spring Creek does not respond because there is nothing to say.

### III.  THAT MR. NEWCOMB DID NOT GUESS CORRECTLY WHERE TO STAND IN THE LOADING DOCK DOES NOT PREVENT A JURY FROM CONSIDERING VOLUNTARINESS.

Mr. Newcomb established in his opening brief that, even if this Court were to affirm the district court's conclusion that Mr. Newcomb assumed the risk, there would necessarily be a jury question as to whether that assumption of risk was voluntary, because the district court found there to be a factual dispute as to

9

whether Mr. Newcomb was required as a condition of his job to be on the loading dock. Spring Creek's only response to this argument is to assert that even if Mr. Newcomb had to be on the dock, he could have chosen a different part of the dock on which to stand.

This argument itself relies on an inherently factual question well within the province of the jury. Mr. Newcomb's position, supported by a healthy dose of common sense, is that he had observed the path of the forklift twice before the fateful trip and chose to stand in a part of the dock outside of the historic path. What Spring Creek characterizes as Newcomb "stubbornly refus[ing] to move merely because he had stood in that position for the previous passes of the forklift," Br. of Appellees at 18, the jury could easily see as exactly the right choice on Mr. Newcomb's part. As Spring Creek repeatedly notes, Mr. Newcomb was aware that Mr. Smalls was driving with an obstructed view. A jury could fairly conclude that had Mr. Newcomb changed his position, Mr. Smalls might no longer know where he was, increasing the risk of an accident. The single safest place to stand was where Mr. Smalls had observed him (and avoided him) before. One man's stubbornness is another man's good judgment.

10

## IV.    SPRING CREEK'S EQUAL KNOWLEDGE ARGUMENT IS FRIVILOUS.

Spring Creek presents an alternative grounds for affirmance that Mr. Newcomb had equal knowledge of the hazardous condition. This argument is frivolous, because the "hazardous condition" was not a static defect but Mr. Smalls' negligent operation of a forklift. Mr. Newcomb could not possibly have had **equal knowledge to Mr. Smalls** regarding Mr. Smalls' future operations of a forklift. Ironically, Spring Creek repeatedly highlights a lengthy excerpt of Mr. Newcomb's deposition in which he struggles to identify what caused Mr. Smalls to crash into him. *See, e.g.* Br. of Appellees at 4-5. Spring Creek apparently views this exchange as proving that Mr. Newcomb's only allegation of negligent conduct is that Mr. Smalls drove the forklift forward under load. But what the exchange in fact shows is that Mr. Newcomb even now does not have the same knowledge of Mr. Smalls as to why Smalls conducted himself the way he did, and certainly could not have predicted Mr. Smalls' future behavior with the same accuracy as could Mr. Smalls on the date of the incident. The exchange serves as a reminder of why one cannot assume the risk of a negligent act of another. *Owens-Illinois, Inc. v. Bryson*, 138 Ga. App. 78, 78 (1976) ("[T]he rule does not extend to assuming the risk of the negligent act of another.").

11

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

## CONCLUSION

This Court should vacate the district court's grant of summary judgment and remand for trial, with an instruction that Spring Creek is not entitled to a jury instruction regarding assumption of the risk.

                      Respectfully submitted,

                      _/s Darren Summerville_____
                      DARREN SUMMERVILLE

                      DARREN SUMMERVILLE
                      ANGELA FOX
                      KURT G. KASTORF
                      ANNA GREEN CROSS
                      MAXWELL THELEN

                      The Summerville Firm
                      400 Colony Square, Suite 2000
                      1201 Peachtree St. NE
                      Atlanta, GA 30361
                      770-635-0030

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

# CERTIFICATE OF COMPLIANCE

I certify that according to Microsoft Word: Mac 2011 the foregoing brief of Appellants is proportionately spaced, has a typeface of 14 point Times New Roman, and contains 2,475 words. It therefore complies with the type-volume limitations set out in Fed. R. App. P. 32(a)(7).

*/s/ Darren Summerville*
DARREN SUMMERVILLE
The Summerville Firm
400 Colony Square, Suite 2000
1201 Peachtree St. NE
Atlanta, GA 30361
770-635-0030

13

Michael Newcomb, et al. v. Spring Creek Cooler, Inc. at al., No. 18-12036

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2018, seven copies of the brief were dispatched for delivery to the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit by third-party commercial carrier for overnight delivery at the following address:

> David J. Smith
> Clerk of Court
> U.S. Court of Appeals for the 11th Circuit
> 56 Forsyth St., N.W.
> Atlanta, Georgia 30303

On this same date, a copy of the brief was served on all counsel of record via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Catherine B. Simpson*
Counsel Press
1011 East Main Street
Richmond, VA 23219
(804) 648-3664

Filing and service were performed by direction of counsel